**Newsday**

235 Pinelawn Road
Melville, New York 11747
tel:  516-458-2393
FAX: 718-624-4101
email address:
riley@newsday.com

**John Riley**
Reporter

April 26, 2010

Chief Judge Raymond Dearie
U.S. District Court
Eastern District of New York
Brooklyn, NY

Chief Judge Dearie:

I am a reporter with Newsday, a daily newspaper on Long Island. I have been covering the cases of U.S. v. Zazi, 09-CR-00663, and U.S. v. Ahmedzay, 10-CR-00018.

On Feb. 23, I requested that the court unseal a redacted copy of the plea agreement and the government's motion to seal. On March 1, I supplemented that request with additional arguments and requested that the court unseal responses by the government to my initial request that had been filed under seal. The court has not ruled.

On April 23, Zarein Ahmedzay pleaded guilty before U.S. Magistrate Judge Steven Gold. Judge Gold announced that the government had filed the plea agreement under seal. Judge Gold, citing the pending requests in U.S. v. Zazi, said the agreement would in Ahmedzay would remain under seal, and suggested that requests for unsealing it should be joined to the pending request for unsealing before Judge Dearie in the Zazi case.

By this letter, I request that the plea agreement in U.S. v. Ahmedzay be unsealed, and that all moving papers by the government relating to that sealing request also be unsealed. I also renew my requests for unsealing in the Zazi case.

In support, I would reference the arguments made in my two letters to the court in the Zazi case, as well as the arguments submitted by the Associated Press in a companion request for unsealing in the Zazi case. To briefly re-cap:

As in Zazi, the court in Ahmedzay has never made any of the findings – at least not on the record – that are necessary to justify sealing. The law establishes a presumption of

*April 26, 2010*
*Page 2*

openness. Presumptive sealing with no findings when **the** government requests it is inconsistent with that presumption.

As in Zazi, the government has made no effort in Ahmedzay to redact portions of the plea agreement and moving papers that require sealing and to file redacted documents, as the law requires so as to minimize the departure from the general rule of transparency governing court proceedings.

Because of the lack of redaction, the sealing is patently overbroad – covering, for example, the signature line, the number of paragraphs, **the** date of the plea agreement, and the cases or rules or statutes that are cited in the government's papers moving for sealing.

In Zazi, although Attorney General Holder announced at a press conference that Zazi was cooperating, parts of his plea agreement reflecting his cooperation remain under seal. In Ahmedzay, Judge Gold read in open court the government's calculation of sentencing guideline ranges for Ahmedzay and the charges he was pleading guilty to – yet the paragraphs in the plea agreement reflecting those very matters are under seal.

As noted previously, U.S. Attorney Benton Campbell has described sealing of plea agreements as "standard practice" in the Eastern District. The law demands more.

While the government may view redaction as tedious **and** bothersome, it is the law and the court should require it, rigorously scrutinizing each paragraph that the government wishes to keep secret rather than permitting a blanket of secrecy to be thrown over the whole thing as a matter of "standard practice."

Thank you for your attention to this request.

Yours truly,

John Riley
Newsday

cc. U.S. Attorney Benton Campbell, via Robert Nardoza