UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA,

                 ORDER

   - versus -

                 10 CR 19-1 (JG)

ADIS MEDUNJANIN,

      Defendant.
-------------------------------------------------x

JOHN GLEESON, United States District Judge.

     On March 5, 2012, pursuant to Section 5 of the Classified Information Procedures Act ("CIPA"), defense counsel disclosed that they "reasonably expect[] to disclose or cause the disclosure of classified information . . . in connection with [the] . . . trial." CIPA § 5(a). The notice was timely and complied with Section 5's requirement to "include a brief description of the classified information." *Id.* The "brief description" referred to the intended use of the information contained in the two classified summaries approved by the Court under CIPA § 4, *see* ECF Docket # 172, which had already been turned over to the defense by the government. On March 15, 2012 the Government moved for a hearing under CIPA § 6.

     The Section 6 hearing was held *in camera* on two dates – March 27, 2012 and April 16, 2012 – with both defense counsel and the government present. On March 22, 2012, the government submitted a supporting affidavit certifying "that a hearing on this matter may result in the disclosure of the classified information which is the subject of the government's motion." ECF Docket # 185-1, Monaco Affidavit at 2; *see* CIPA § 6(a) (Section 6 hearing "shall be held *in camera* if the Attorney General certifies to the court in such petition that a public proceeding may result in the disclosure of classified information."). To comply with the notice requirements of *United States v. Alcantara*, 396 F.3d 189, 200 (2d Cir. 2005), I calendared a notice of closure.

In addition, prior to the closure of the courtroom on both dates, I found that there was "an overriding interest that is likely to be prejudiced [and that] the closure [was] no broader than necessary to protect that interest, . . . consider[ed] reasonable alternatives to closing the proceeding, and . . . ma[de] findings adequate to support the closure." *Waller v. Georgia*, 467 U.S. 39, 48 (1984). An order closing the courtroom and sealing the transcript was entered for the March 27, 2012 date, as well as "any continued or supplemental hearing addressing the same subject matters." *See* ECF Docket # 190, Order Closing Courtroom and Sealing Transcript.

The defendant was excluded from the hearing. Such exclusion comports with the Due Process Clause of the Fifth Amendment.[1] The Second Circuit has ruled specifically that a defendant's exclusion from a CIPA Section 6 hearing "d[oes] not violate [the defendant]'s due process right to be present at a crucial stage in his trial." *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 130 (2d Cir. 2008). In *In Re Terrorist Bombings*, the Second Circuit applied a four-pronged test to uphold defendant's exclusion from a CIPA Section 6 hearing:

(1) "The justification for barring the defendant was compelling – namely . . . the need to avoid jeopardizing lives through the unauthorized disclosure of sensitive information;"

(2) "[T]he defendant's exclusion was necessary because . . . [the defendant]'s ability to keep the classified information at issue confidential was highly suspect;"

(3) "[T]he restriction on the defendant's presence was carefully limited because defendant's counsel was permitted to participate on defendant's behalf;" and

---

[1] *See United States v. Peterson*, 385 F.3d 127, 137 (2d Cir. 2004) ("A criminal defendant's constitutional right to be present at various stages of his trial is rooted in the Confrontation Clause of the Sixth Amendment and, *when confrontation is not at issue, the Due Process Clause of the Fifth Amendment*.") (emphasis added).

(4) "[T]he substance of the matters discussed at the hearing bore no relationship at all to the question of the defendant's guilt or innocence of the crime charged."

*Id.* at 129-130 (citing and quoting *United States v. Bell*, 464 F.2d 667, 669-672 (2d Cir. 1972)) (internal quotations and modifications omitted). In this case, all four factors plainly applied with equal force.

At the hearing, the defense disclosed its intended use of the information contained in the classified summaries. I hereby confirm in writing my "determination[] concerning the use, relevance, or admissibility of classified information." CIPA § 6(a). Specifically, I found that defense counsel's intended use of the information contained in both classified summaries could be relevant and admissible at trial. Because that use would not require "disclosure of specific classified information," CIPA § 6(c)(1), I did not need to reach the issue of whether an unclassified summary or substitution would "provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." *Id.* Finally, the government was ordered to maintain for appeal a record of the Section 6 hearing, an order I reiterate here.

SO ORDERED.

John Gleeson, U.S.D.J.

Dated: November 16, 2012
Brooklyn, New York