UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

                MEMORANDUM OF DECISION & PROTECTIVE ORDER

- versus -

                10 CR 19-1 (JG)

ADIS MEDUNJANIN,

        Defendant.
------------------------------------------------x

JOHN GLEESON, United States District Judge.

        On April 12, 2012, the government filed a classified *ex parte*, *in camera* motion for a protective order pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, a memorandum in support, and accompanying exhibits (the "Submission"). The Submission sought an order from the Court authorizing the substitution of five classified summaries for classified documents containing information that was arguably impeaching and/or arguably discoverable under the Jencks Act, 18 U.S.C. § 3500. In addition, the government sought confirmation that it had no discovery obligation to produce to the defense certain other classified materials.

        On April 16, 2012 I met *ex parte* with the government, which produced for *in camera* inspection both the classified materials it sought to summarize and the materials it sought to delete. After a review of all of the foregoing materials and consideration of the Submission, I granted the government's request in its entirety. This memorandum provides the reasons for that determination.

        I assume the parties' familiarity with the standards governing requests for

protective orders pursuant to Section 4 of CIPA given Judge Dearie's earlier ruling in this case, *see* ECF Docket # 172, and this Court's treatment of the issue in the related case of *United States v. Zazi*, No. 10-CR-60 (JG), 2011 WL 2532903 (E.D.N.Y. June 24, 2011). And my "discussion of the classified information is necessarily circumspect." *United States v. Abu-Jihaad*, 630 F.3d 102, 141 (2d Cir. 2010).[1]

    A.    *Substitute Summaries of Classified Source Materials*

I agreed with the government that the underlying classified documents it sought to summarize under Section 4 of CIPA contain information that is potentially impeaching of one of the government's anticipated trial witnesses or related to the anticipated trial testimony of that potential government witness. Hence, the information was discoverable under *Giglio v. United States*, 405 U.S. 150 (1972) or the Jencks Act, 18 U.S.C. § 3500. I also found that the state-secrets privilege applies to the documents in question. Specifically, I found that disclosure of the classified documents in their original form could reasonably be expected to cause serious damage, and in some instances exceptionally grave damage, to national security. I further found, however, that the information contained within the classified documents may be "helpful or material to the defense, *i.e.*, useful 'to counter the government's case or to bolster a defense.'" *See United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008) (quoting *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993)).

The government proposed to substitute five classified summaries in place of the classified documents in order to shield the classified information from disclosure in its original form. CIPA § 4. Based on my own inspection of the underlying classified documents and careful

---

[1] The government's submission shall, until further order of this Court, be kept under seal in a facility appropriate for the storage of classified information according to established security procedures. *See* CIPA § 4.

comparison of those documents to the proposed summaries, I found that the summaries are appropriate substitutions in that they contain the potentially impeaching aspects or other valuable elements of the underlying documents. Conversely, the information excised from the source documents is not itself "helpful or material to the defense." *Aref*, 533 F.3d at 80. Thus, substitution of the classified summaries satisfied the government's discovery obligations under *Giglio* and the Jencks Act.

    B.    *Deletion of Certain Classified Materials from Discovery*

The government also requested that the Court authorize it "to delete specified items," CIPA § 4, from discovery, items the government argued are not "helpful or material to the defense." *Aref*, 533 F.3d at 80. CIPA empowers courts to authorize the government "upon a sufficient showing . . . to delete specified items of classified information from documents to be made available to the defendant through discovery." CIPA § 4. In this case, the government conceded, and I agree, that the information underlying the deletion requests was potentially discoverable under *Giglio* or the Jencks Act. I also found that the state-secrets privilege applies and was properly invoked by the government. Considering the potential use of the classified information as generously as possible, "the logical relationship between the information and the issues in the case, [and] also the importance of the information in light of the evidence as a whole," *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 125 (2d Cir. 2008), I found that the information is not "helpful or material to the defense." *Aref*, 533 F.3d at 80. In the face of the proper invocation of the state-secrets privilege and the potential for exceptionally grave damage to national security, the government had no duty to disclose these pieces of classified information and was permitted to delete them from discovery.

***

For the foregoing reasons, I granted the government's motion for protective orders pursuant to Section 4 of CIPA and Federal Rule of Criminal Procedure Rule 16(d)(1). The government was not required to disclose the classified documents upon which the classified summaries are based. The government immediately produced to defense counsel the proposed classified summaries. The classified summaries and the information they contain may not be shared with defendant personally. CIPA § 3. Moreover, the government was authorized to withhold disclosure of the material discussed in section B above. Lastly, the government was ordered to maintain for appeal a record of the classified materials shown to the Court on April 16, 2012, and that order is reiterated here.

SO ORDERED.

                                                John Gleeson, U.S.D.J.

Dated: November 16, 2012
       Brooklyn, New York